**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-05882 JAK (RZx) | Date | September 7, 2012 |
|---|---|---|---|
| Title | Steve Helgestad v. Deutsch Bank National Trust Company, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**

In this action, Plaintiff Steve Helgestad brings certain claims related to the foreclosure of his property located at 33341 Nottingham Way, Unit B, Dana Point, California ("Property"), against Defendants Deutsche Bank National Trust Co., NDEx West LLC, and all persons unknown claiming any rights to or interest in the Property. Dkt. 3. Plaintiff brings 13 claims; each arises under state law.[1]

As a court of limited jurisdiction, see *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this Court must determine the issue of subject matter jurisdiction before reaching the merits of a case, *see Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998). Plaintiff seeks to invoke the subject matter jurisdiction of this Court under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1337 (commerce and antitrust jurisdiction). Compl. ¶ 8.

Federal question jurisdiction exists where a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

> For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law. Federal jurisdiction cannot hinge upon defenses or counterclaims, whether actual or anticipated.

*K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011). "[T]he existence of federal jurisdiction on removal must be determined from the face of plaintiff's complaint." *Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 934 (9th Cir. 1993). Because Plaintiff pleads only state law causes of action, Plaintiff's complaint does not present a federal question. Although

---

[1] Specifically, Plaintiff's claims are: (1) fraud; (2) negligence; (3) cancellation of contract, Cal. Rev. & Tax Code §§ 23304.1 & 23305A; Cal. Corp. Code § 191(c)(7); (4) "to set side trustee's sale"; (5) "to void or cancel trustee's deed upon sale"; (6) "to void or cancel assignment of deed of trust"; (7) wrongful foreclosure; (8) breach of contract; (9) breach of the implied covenant of good faith and fair dealing; (10) unjust enrichment; (11) unfair business practices, Cal. Bus. & Prof. Code § 17200 *et seq.*; (12) quiet title; and (13) slander of title. Compl., p.1.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-05882 JAK (RZx) | Date | September 7, 2012 |
|---|---|---|---|
| Title | Steve Helgestad v. Deutsch Bank National Trust Company, et al. | | |

Plaintiff references certain federal statutes in his Complaint ("grand relief pursuant to the Truth in Lending Act, § 15 U.S.C. 1601, *et seq.* and Real Estate Settlement Procedures Act, § 12 U.S.C. 2601 *et seq.*") (errors in original), Plaintiff does not bring any claims pursuant to those statutes. Thus, Plaintiff has not properly pleaded federal question jurisdiction.

28 U.S.C. § 1337(a) confers subject matter jurisdiction on a district court over "any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." "Arising under" has the same meaning for purposes of commerce and antitrust jurisdiction under § 1337 as it does for federal question jurisdiction under § 1331. *See Hunter v. United Van Lines*, 746 F.2d 635, 639 (9th Cir. 1984). Because Plaintiff has pleaded only state law causes of action and his claims do not arise under federal law for purposes of federal question jurisdiction, his claims also do not arise under any Acts of Congress concerning commerce or antitrust regulation. Thus, Plaintiff has not properly pleaded commerce and antitrust jurisdiction.

The party seeking to establish the Court's jurisdiction bears the burden of establishing it. *Kokkonen*, 511 U.S. at 377. Here, Plaintiff has not properly pleaded this Court's jurisdiction under 28 U.S.C. §§ 1331 or 1337. Accordingly, the Court issues this Order to Show Cause re Subject Matter Jurisdiction. On or before **September 21, 2012**, the parties are to submit any memoranda, each of which is not to exceed five pages, with respect to whether this Court has subject matter jurisdiction over this action. Upon receiving these memoranda, the Court will determine whether a hearing on any issue raised is necessary or if the matter can be addressed by the Court without a hearing.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer   ak